IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 1:19-cv-03465-RM-SKC

DESCHENES CONSULTING LLC and
JOSHUA DESCHENES,

    Plaintiffs/Counterclaim Defendants,

v.

NU LIFE MARKET LLC and
EARL ROEMER

    Defendants/Counterclaim Plaintiffs.

---

## ORDER

---

This matter is before the Court on two motions to restrict (ECF Nos. 13; 27), the first addressing the Complaint (ECF No. 1) and the second addressing an exhibit attached to Defendants/Counterclaim Plaintiffs Nu Life Market LLC ("Nu Life") and Earl Roemer's Answer to the Complaint, referred to as the "Zoho Audit Log" (ECF No. 10-2). Nu Life seeks a Level 1 restriction on the two filings. (ECF Nos. 13, ¶ 11; 27, ¶ 11.) Plaintiffs/Counterclaim Defendants Deschenes Consulting LLC and Joshua Deschenes ("Deschenes") oppose both motions. (ECF Nos. 16; 41.) Upon consideration of these motions, the court record, and the relevant rules and case law, and being otherwise fully advised, the Court GRANTS IN PART both motions.

**I.     BACKGROUND**

This case involves an employment dispute between Deschenes, and Nu Life. (ECF No. 20, ¶¶ 29, 33.)  Nu Life is involved in the food and agrobusiness industry and "produces products under strict food safety protocols in a dedicated gluten free, dairy free, peanut free, and soy free

facility." (ECF No. 13, ¶ 3.) In a letter dated October 7, 2019, Nu Life purportedly terminated Deschenes effective immediately. (ECF No. 20-3.) Deschenes brought this lawsuit seeking recovery for breach of contract, breach of implied covenant of good faith, and extreme and outrageous conduct. (ECF No. 1, ¶¶ 82–101.) In doing so, Deschenes identified some of Nu Life's corporate customers. (ECF No. 1, ¶ 33.)

Nu Life answered the Complaint and denied the material allegations ("Answer").[1] (ECF No. 10.) Nu Life also brought five counterclaims, including conversion, breach of contract, misappropriation of trade secrets, and unjust enrichment. (ECF No. 10, Counterclaims ¶¶ 19–50.) Each counterclaim focused on Deschenes's alleged access to and export of some of Nu Life's company information, including "sales orders, notes, leads, and reports [sic] sales by account" after Deschenes was terminated. (ECF No. 10, Counterclaims ¶¶ 11–13.) Nu Life also sought injunctive relief to prevent Deschenes from using the allegedly pilfered company information for its future benefit. (ECF No. 10, Counterclaims ¶¶ 51–62.) Nu Life attached the Zoho Audit Log to its Answer, supporting the allegations that Deschenes accessed and exported company information between October 7, 2019 and October 10, 2019. (ECF Nos. 10, ¶ 12; 10-2.) Nu Life filed the Zoho Audit Log unrestricted.

On January 22, 2020, Nu Life moved to restrict the Complaint ("First Motion"). (ECF No. 13.) The same day, this Court temporarily granted Nu Life's First Motion, directing the Clerk to place a Level 1 restriction on the Complaint until the matter was fully briefed, and instituted an expedited briefing schedule.[2] (ECF No. 15.) Deschenes opposes Nu Life's First Motion. (ECF No. 16.) The Complaint is still under a Level 1 restriction.

---

[1] Because the Complaint was subsequently amended, ECF No. 10 is no longer the operative answer.
[2] The expedited briefing schedule limited Deschenes' responsive briefing to five pages and stated, "No reply shall be filed unless otherwise ordered by the Court." (ECF No. 15.) On February 5, 2020, the Court granted leave to file a reply. (ECF Nos. 18; 19.)

Deschenes amended its complaint on February 10, 2020. (ECF No. 20.) The Amended Complaint contains redactions where, presumably, the names of some of Nu Life's corporate customers would be.[3] (ECF No. 20, ¶¶ 40, 48.)

Nu Life subsequently filed its second motion to restrict, seeking to restrict public access to the Zoho Audit Log ("Second Motion"). (ECF No. 27.) Deschenes opposes the Second Motion for much of the same reasons why it opposes the First Motion (collectively, the "Motions") and seeks attorneys' fees under C.R.S. § 13-17-201. (ECF No. 41.) Both Motions raise the same legal arguments and factual issues. Therefore, the Court will address them together.

## II.   STANDARD

"Courts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute." *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (internal quotation marks omitted); *see also Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). Accordingly, courts may exercise discretion and restrict a public's right to access judicial records if that "right of access is outweighed by competing interests." *Id*. (internal quotation marks omitted) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)). In exercising that discretion, the court "weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (internal quotation marks omitted) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). But "the public interest can only be secured by parties making every practical effort to prove publicly-accessible versions of documents filed with the Court." *L-3 Comm. Corp. v. Jaxon Engineering &*

---

[3] Deschenes didn't file an unredacted copy of the Amended Complaint under Level 1 restriction.

*Maintenance, Inc.*, 125 F. Supp. 3d 1155, 1185 (D. Colo. 2015) (citing D.C.COLO.LCivR. 7.2(c)(4)).

The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). "[A] generalized allusion to confidential information" is insufficient. *JetAway*, 754 F.3d at 827. However, a sufficient showing to overcome the presumption may be found where the records contain trade secrets, *Alcatel-Lucent*, 617 F. App'x at 852; contain "business information that might harm a litigant's competitive standing," *Warner Comm.*, 435 U.S. at 598; or contain information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013). "[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking." *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (citing *Nixon*, 435 U.S. at 599). Instead, "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Warner Comm.*, 435 U.S. at 599.

The Court's review is also guided by this District's Local Rules. Pursuant to D.C.COLO.LCivR 7.2, a motion to restrict public access to documents filed with the court must: (1) identify the documents for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to

4

restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.

The Court addresses such requirements as to each of the motions at issue.

### III. ANALYSIS

At the outset, it's important to inform the parties what this Order does not address. Both parties spend significant time arguing whether Nu Life's customers' identities are in fact trade secrets. This is Deschenes's primary basis for opposing Nu Life's motions to restrict. (ECF Nos. 16, at 3–5 (arguing Nu Life's customer' names do not qualify as trade secrets under Colorado's Uniform Trade Secret Act (C.R.S. § 7-74-101 *et seq.*)); 41, at 4–6 (same); 44, at 2–6 (arguing Nu Life's corporate customers' identities qualify as trade secrets)). Deschenes's argument is that Nu Life's motions to restrict should not be granted unless and until Nu Life can show as a matter of law that its corporate customers' identities are trade secrets. In this sense, these arguments, and the accompanying exhibits, read as though Deschenes seek summary judgment on the trade secret issue at this early stage of litigation. The Court declines to do so. Instead, it examines whether Nu Life has shown, based on the current record, that the information sought to be restricted should be restricted.

Consequently, the Court addresses Nu Life's Motions to restrict with the understanding that if Nu Life's corporate customers' identities are in fact trade secrets Nu Life would have a protectable property right therein that would be stripped if allowed to remain disclosed to the public. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984).

### A. The Motion to Restrict the Complaint (ECF No. 13)

Nu Life's First Motion asserts the Complaint contains the identities of some of Nu Life's corporate customers whose identities are "highly confidential and should not be part of the public

record," and the Complaint, in its entirety, should be placed under a Level 1 restriction. (ECF No. 2, ¶¶ 8, 11.) It further argues that by disclosing these customers' identities, Deschenes has not only violated its Non-Disclosure Agreement but also divulged Nu Life's trade secrets (i.e., a portion of Nu Life's customer list). (*Id.* ¶¶ 8–9.) In the alternative, Nu Life requests only a minimal restriction be placed to specifically address the customers' identities, and have Deschenes filed a redacted copy in the public record. (*Id.* ¶ 10.)

This Court finds Nu Life's alternative argument most persuasive. Specifically, Nu Life does not provide a rationale for why restricting access to the entire document is necessary when only a single paragraph out of sixteen pages supposedly discloses trade secrets. In short, Nu Life has not shown how its interest in protecting its purported trade secrets outweighs the public's general and paramount interest in access to judicial records.

If, however, these customers' identities are in fact trade secrets it's clear that at least their identities should be redacted. Nu Life has shown that it considers its corporate customers' identities trade secrets, so the Court will maintain the restriction of the Complaint. For this reason, Nu Life's First Motion (ECF No. 13) is granted-in-part to the extent Deschenes shall re-file the Complaint, without restriction, and redact the alleged trade secrets contained at Paragraph 33. The Clerk shall maintain the Level 1 restriction on the Complaint (ECF No. 1) until further order of the Court. Deschenes shall identify, in its filing, the docket number of the provisionally restricted document that is being duplicated (i.e., ECF No. 1).

**B. The Motion to Restrict the Zoho Audit Log (ECF No. 27)**

Nu Life's Second Motion seeks to restrict access to a the Zoho Audit Log (ECF No. 10-2) – a document it filed in connection with its Answer to the Complaint. Nu Life filed the Zoho Audit Log in support of its allegation that Deschenes, without authorization, accessed and stole

"Nu Life's confidential trade secret documents and information following his termination." (ECF No. 27, ¶ 3.) In filing this exhibit, Nu Life "inadvertently failed to redact the identities of various customers which were contained within the Zoho Audit Log." (*Id.* ¶ 4.) Its error was only brought to its attention through Deschenes's Amended Complaint. (*See* ECF No. 20, ¶ 48.) Nu Life relies on the same arguments in support of restricting public access to the Zoho Audit Log as it stated in its First Motion. Namely, the Zoho Audit Log contains corporate customers' identities and these identities constitute trade secrets. (ECF No. 27, ¶¶ 8, 9.) Nu Life simultaneously filed its Answer to Deschenes Amended Complaint with an appropriately redacted Zoho Audit Log. (ECF No. 28-2.)

Deschenes opposes Nu Life's Second Motion because the cat's already been let out of the bag. (ECF No. 41, at 5 (citing *Gunn v. WVA Logistics, LLC*, No. 13-cv-02197-WJM-MEH, 2016 WL 7868827, at *1 (D. Colo. Jan. 12, 2016)).) It argues that after-the-fact restriction should not generally be allowed, because confidentiality is lost as soon as the piece of information has been published. (*Id.* (citing *Gunn*, 2016 WL 7868827, at *1 (collecting cases))); *see also Flohrs v. Eli Lilly and Co.*, No. 12-2439-SAC, 2013 WL 4773515, *2 (D. Kan. Sept. 4, 2013) ("Matters already made public 'will not be sealed after the fact absent extraordinary circumstances.'").

Notably, however, none of the aforementioned cases involve trade secrets, which have been long recognized to be of significant economic value to both the owner and competitors. *See Ruckelshaus*, 467 U.S. at 1012 ("The economic value of that property right lies in the competitive advantage over others that Monsanto enjoys by virtue of its exclusive access to the data, and disclosure or use by others of the data would destroy that competitive edge."); *Cypress Advisors, Inc. v. Davis*, No. 16-cv-01935-MSK-MEH, 2019 WL 1242331, at *4 (D. Colo. March 18, 2019) (Trade secrets, including client lists, may have "significant value to competitors who

would otherwise be hard-pressed to replicate its contents using publicly-available information.") Customer identities may be trade secrets, *Alcatel-Lucent*, 617 F. App'x at 852; however, the Court does not reach that issue here. For now, Nu Life has overcome the presumption of public access, and the Court will restrict access to the unredacted copy of the Zoho Audit Log, subject to further order of the court. However, the posture of this case does not allow the Court to rule on the existence of trade secrets, because it is a fact-intensive question and this case is barely beyond the pleading stages.

As in its First Motion, Nu Life's Second Motion fails to identify why redaction would not serve the same purpose while supporting the public's interest in access to judicial records. In fact, Nu Life seemingly concedes redaction would suffice in its Answer to the Amended Complaint. (ECF No. 28-2.) It must be noted that restricting access to the unredacted Zoho Audit Log (ECF No. 10-2) cannot undue whatever harm has been done by virtue of these names being made public for four months (as of May 21, 2020).[4] It can, however, prevent future harm to Nu Life's property rights if in fact its corporate customers' identities are trade secrets – harm that cannot otherwise be remedied if allowed to remain public. Therefore, Nu Life's Second Motion is granted, and the Clerk shall place a Level 1 restriction on ECF No. 10-2. Because Nu Life has already filed a redacted Zoho Audit Log (ECF No. 28-2), Nu Life is not required refile a redacted version.

---

[4] The Court does not address whether or to what degree an inadvertent disclosure of a purported trade secret in a publicly available court filing would affect trade secret protection. *See, e.g.*, *Benton v. Avedon Engineering, Inc.*, No. 10-cv-01899-RBJ-KLM, 2012 WL 5869126, at *13 n.3 (citing *Hertz v. Luzenac Group*, 576 F.3d 1103, 1109 (10th Cir. 2009)) ("Under Colorado law, 'information can be trade secret notwithstanding the fact that some of its components are well-known.'").

In the future, the parties are advised that if they are going to file documents that may qualify for a restriction they must file the document in accordance with D.C.COLO.LCivR 7.2(e).

## IV. CONCLUSION

Based on the foregoing, the motions to restrict are granted in part. Accordingly, it is

**ORDERED**

(1) That Nu Life's Motion to Restrict Complaint (ECF No. 13) is **GRANTED-IN-PART**, and the Clerk shall maintain the Level 1 **RESTRICTION** on the Complaint (ECF No. 1);

(2) That Deschenes shall re-file a copy of the Complaint, without restriction, redacting the identities of Nu Life's corporate customers at Paragraph 33;

(3) That Deschenes shall file an unredacted copy of the Amended Complaint under Level 1 restriction;

(4) That Nu Life's Motion to Restrict ECF No. 10-2 (ECF No. 27) is **GRANTED**, and the Clerk shall **RESTRICT** the Zoho Audit Log (ECF No. 10-2) under a Level 1 restriction; and

(5) That Deschenes's request for attorneys' fees under C.R.S. § 13-17-201 is **DENIED**.

DATED this 27th day of May, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge