IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-03465-SKC

DESCHENES CONSULTING LLC, and
JOSHUA DESCHENES,

    Plaintiffs,

v.

NU LIFE MARKET LLC, and
EARL ROEMER,

    Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT [#48]**

---

This Order addresses Plaintiffs' Motion for Leave to File a Sur-Reply in Opposition to Defendants' Motion to Dismiss First Amended Complaint [#48] ("Motion").[1] The Court reviewed the Motion, all related briefing, the entire record, and applicable law. No hearing is necessary. For the following reasons, the Motion is DENIED.

### DISCUSSION

Plaintiffs seek leave to file a sur-reply "with respect only to Defendants' arguments [in their briefing on their Motion to Dismiss [#29]] that Defendant Roemer should be dismissed from the case because he did not . . . direct any tortious conduct toward Plaintiffs in Colorado." [#48 at p.2.] This alleged tortious conduct includes Defendants'

---

[1] The Court uses "[#__ ]" to refer to entries in the CM/ECF Court filing system.

1

repeated "threats" of criminal arrest and prosecution directed at Plaintiff Joshua Deschenes. [#20 at ¶140.] Plaintiffs argue new evidence Defendants produced in discovery, specifically a police report filed by Defendant Earl Roemer, "directly contradicts Defendants' statements . . . regarding Defendant Roemer's personal involvement in directing [threats of criminal arrest and prosecution] toward Plaintiffs." [*See generally* #48.]

The Court has discretion to permit a nonmoving party to submit a sur-reply to respond to new material <u>raised in a reply</u>. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005); *see also Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). Here, Plaintiffs do not seek leave to file the sur-reply to respond to new material raised in Defendants' reply. Instead, they seek leave to file a sur-reply to further respond to Defendants' personal jurisdiction argument raised in their Motion to Dismiss [#29]. [*See generally* #48.] Moreover, the new material (the police report) was not raised in Defendants' reply, but rather, was uncovered through discovery. [*Id.* at p. 1.] A sur-reply is not warranted under these circumstances.[2] *See Green*, 420 F.3d at 1196.

\*   \*   \*

---

[2] To the extent Plaintiffs' argue the sur-reply is necessary to correct the record, the Court disagrees. The existence of a police report, alone, has no bearing on whether Defendant Roemer, in fact, <u>threatened</u> arrest and prosecution toward Plaintiffs in Colorado. Thus, the report is of no consequence to the Court's personal jurisdiction analysis; specifically, whether Defendants directed tortious conduct, *i.e.* threats, toward Plaintiffs in Colorado.

2

Accordingly, IT IS ORDERED that the Motion for Sur-reply is DENIED.

DATED: August 5, 2020.

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge