IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-03465-RM-SKC

DESCHENES CONSULTING LLC, and
JOSHUA DESCHENES,

   Plaintiffs,

v.

NU LIFE MARKET L.L.C.,

   Defendant.

---

## ORDER RE: MOTION FOR EXTENSION OF EXPERT DISCLOSURES DEADLINES [DKT. 105]

---

  This Order addresses Plaintiffs' Motion for Extension of Expert Disclosure Deadlines ("Motion"). [Dkt. 105.] District Judge Moore referred the Motion to the Magistrate Judge. [Dkt. 106.] The Court has reviewed the Motion, related briefing, and applicable law. No hearing is necessary. For the reasons stated below, the Motion is DENIED.

## BACKGROUND

  This civil matter arises out of Defendant's termination of Plaintiffs' employment. Judge Moore previously ruled on the Parties' cross motions to dismiss.

[*See generally*, Dkt. 90.] Presently, Plaintiffs' First Amended Complaint consists of a single breach of contract claim against Defendant Nu Life. [*Id*. at 25.][1]

Soon after the order on the cross-motions to dismiss were issued, the parties requested a stay to explore the possibility of settlement. [Dkt. 93.] The Court granted the motion and vacated the remaining deadlines, *to wit*, the deadline for dispositive motions and the final pretrial conference. [Dkt. 95.] When the parties were unable to resolve the matter, they filed a Joint Status Report requesting the Court lift the stay and resolve certain discovery disputes previously briefed to the Court. [Dkt. 96.] The Court held two discovery hearings, the first on February 11, 2021, and the second on March 2, 2021. [Dkts. 102, 104.] Some twenty-two days after the latter hearing, Plaintiff filed this Motion to extend the expert disclosure deadlines. [Dkt. 105.]

## LEGAL PRINCIPLES

Fed. R. Civ. P. Rule 26(a) requires a party disclose the identity of any expert witness it may use at trial. 26(a)(2)(D). The parties must make these disclosures at "the times and in the sequence that the court orders." *Id*. Relevant here, the district court is granted wide latitude when entering a scheduling order, and a scheduling order may be modified only upon a showing of good cause and with the judge's

---

[1] Judge Moore granted in part and denied in part both motions to dismiss. Along with Plaintiffs' singular claim, Defendant's counterclaims for breach of contract, misappropriation of trade secrets, and unjust enrichment, also remain. [Dkt. 90, p.25.]

consent. Fed. R. Civ. P. 16(b)(4); *Burks v. Oklahoma Pub. Co.*, 81 F.3d 975, 978 (10th Cir. 1996).

The "good cause" required includes a showing that the party seeking the extension was diligent in their discovery efforts yet could not complete discovery by the court-ordered deadline. *Lexico Res. Int'l Corp. v. Lafayette Life Ins. Co.*, No. 03-cv-02235-PSF-PAC, 2005 WL 8171763, at *2 (D. Colo. Nov. 23, 2005). *See also Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) ("Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party.") (internal quotations omitted). The focus is not on the bad faith of the movant, rather on their diligence in seeking leave to modify the scheduling order to permit the proposed amendment. *Lexico Res. Int'l Corp*, 2005 WL 8171763, at *2. But carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Tesone,* 942 F.3d at 988. "Another relevant consideration is possible prejudice to the party opposing the modification." *Id*.

## DISCUSSION

This Court issued a Scheduling Order on March 3, 2020, setting the deadline to designate affirmative experts as July 17, 2020. [Dkt. 34, p.9.] Plaintiffs' Motion, therefore, is untimely and they must satisfy the "good cause" standard. They argue good cause exits to modify the scheduling order to permit them to disclose an expert

witness regarding their damages in light of Defendants' refusal to produce certain information that would permit Plaintiffs to calculate damages. [Dkt. 105, ¶29.] Plaintiffs argue, without that information, "[t]here would not have been data for the expert to review or upon which the expert could base their opinion." [*Id.* at ¶30.] The Court does not agree.

From the outset of this case, Plaintiffs' damages theory has been that they are owed two-percent of commissions, in perpetuity, on sales from those customers Plaintiffs brought to Defendant. The record makes clear that Plaintiffs' strategic decision all along was to proceed on this theory without retaining an expert witness to opine on these damages. For example, in the Scheduling Order, Plaintiffs stated they only anticipated retaining an expert on trade secrets. [Dkt. 34, §9.d.1.] And while the parties requested, and the Court granted, extensions to certain deadlines, Plaintiffs never previously sought to extend the deadline for disclosing experts. [Dkts. 71, 80, 85, and 88.]

More notable, however, at the February 11, 2021 hearing, Plaintiffs still had no plans to retain a damages expert as evidenced by the following exchange with the Court:

> The Court: . . . Is the plaintiff using an expert to calculate its damages – or their damages on this case?
>
> Plaintiffs' Counsel: They're – no, we are not using an expert.

[Dkt. 132, p. 3, lines 3-6.] To be sure, Plaintiffs' strategy appeared to change only after Plaintiff's counsel's colloquy with the Court during the hearing. [*See Id*. at 7-8, lines 18-5 (Plaintiff's counsel: ". . . and I can see where you are going with this, how do I – today, how do I calculate damages on future sales?".] In other words, it appears the Court's probing questions regarding how Plaintiffs intended to calculate damages in perpetuity without an expert prompted the relief they now seek. Up until then, Plaintiffs continued to make clear they had no intention of retaining a damages expert.

Further revealing of Plaintiffs' strategy is the fact they did not seek to extend the then July 17, 2020 expert disclosure deadline after Judge Moore permitted their breach of contract claim to go forward on November 30, 2020. [Dkt. 90.] Nor did they seek to extend that deadline after settlement discussions proved unsuccessful in January 2021. [Dkt. 96.] Having strategically made their own beds, Plaintiffs must now lie in them. *Estrada v. Martin Marietta Materials*, No. 1:20-cv-00375-REB-SKC, 2020 WL 9424368, at 2 (Oct. 5, 2020); *see also Zone Sports Center, LLC v. Rodriguez*, No. 1:11-cv-00622-SKC, 2016 WL 224093, at *4 (E.D.Cal. Jan 19, 2016) (denying plaintiff's motion to amend the scheduling order to designate experts because the record confirms its attorney "made a deliberate decision not to designate an expert as to [plaintiff's] damages.")

To the extent Plaintiffs argue Defendant's delay in producing certain documents is the reason for their delay in seeking to amend, the Court is unconvinced.

It is true this Court instructed Plaintiffs to hold off on filing any motions seeking leave to amend at the conclusion of the February 11, 2021 hearing. Defendant produced documents, as ordered, on February 25, 2021, yet, Plaintiffs waited another 27 days, and more than eight months after the deadline for designating affirmative expert witnesses passed, before filing the present Motion. [Dkt. 105, ¶21.] Despite appearing before the Court at a second discovery hearing on March 2, 2021, Plaintiffs again did not raise amending the Scheduling Order.

Plaintiffs also argue the Court's "preference" for a damages expert drove their Motion. [Dkt. 105, ¶31.] But this Court has no preference over a party's strategic decisions around the evidence they choose to present or omit at trial; its questioning of a party's chosen strategy is simply that. The Court's *only* preference is for parties to refrain from shifting the responsibility for their strategic decisions to the Court. Here, even *assuming* the Court had a preference, the Court could no more require a party to hire a damages expert than it could require a party to take depositions when the party made the strategic decision not to.

Finally, the Court recognizes the prejudice to Defendant if Plaintiffs' Motion is granted. Discovery closed on September 23, 2020, and a summary judgment motion is pending before Judge Moore. Allowing Plaintiffs to change their litigation strategy at this late juncture would require (at a minimum) expert discovery to be reopened at additional cost and expense to the parties. Despite Plaintiffs' claim that any prejudice to Defendants would be alleviated by extending the rebuttal expert

deadline, the Court finds Defendant should not have to incur the cost of expert discovery based on Plaintiff's strategic decision to forego a damages expert all along.

Based on the above, the Court cannot say Plaintiffs have shown diligence and thus have not shown good cause to amend the Scheduling Order to allow them to designate a damages expert.[2] The Motion is DENIED.[3]

As to the remaining dates in the Scheduling Order. The dispositive motion deadline and final pretrial conference were vacated when the Court granted the stay, but were not reset once the stay was lifted. Plaintiffs have since filed a motion for summary judgment, but Defendant has not. Accordingly, Defendant is permitted to file a motion for summary judgment within 30 days of this ORDER. A final pretrial conference is set for June 30, 2022, at 11:00 am in front of the Court. The proposed final pretrial order is due 7 days before the final pretrial conference.

SO ORDERED.

---

[2] Plaintiffs argue excusable neglect for their delay. To the extent the excusable neglect standard applies here, Plaintiffs have not established this standard for the same reasons why they have not shown good cause.

[3] Rule 72(a) of the Federal Rules of Civil Procedure provides when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge, the Magistrate Judge must issue a written order stating the decision. Within 14 days after service of a copy of this Order, any party may serve and file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to file written objections will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

DATED: March 24, 2022.

By the Court:

S. Kato Crews
United States Magistrate Judge